IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TAMMY LOUISE SPEARS                                                          PLAINTIFF

V.                                        NO. 15-3061

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                 DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Tammy Louise Spears, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income benefits (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

I.      **Procedural Background:**

Plaintiff filed her current applications for DIB and SSI on January 3, 2012, and February 15, 2012, respectively, alleging an inability to work since March 9, 2010,[1] due to arthritis, right leg pain, left leg pain, low back pain, nerve pain, asthma, and high blood pressure. (Doc. 10, pp. 146-156, 170). An administrative hearing was held on January 10, 2013, at which Plaintiff appeared with counsel and testified. (Doc. 10, pp. 53-80).

---

[1] At the hearing held before the ALJ on January 10, 2013, Plaintiff amended her onset date to July 7, 2011. (Doc. 10, p. 58).

By written decision dated May 31, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – hypertension, osteoarthritis of the hips, knees, and ankles, asthma and migraine headaches. (Doc. 10, p. 42). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 10, p. 43). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she can reach overhead only occasionally and must work in a controlled environment and avoid exposure to dust, fumes, smoke and temperature extremes.

(Doc. 10, p. 43). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could perform her past relevant work as a receptionist and personnel scheduler. (Doc. 10, p. 47).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on June 12, 2015. (Doc. 10, pp. 5-10). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards

v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able

3

to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R.§§ 404.1520, 416.920, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

## I.    Discussion:

After reviewing the records, the Court finds this matter should be remanded to the Commissioner. In this case, the ALJ considered the Physical RFC Assessment of non-examining physician, Dr. Jerry Thomas, who concluded that Plaintiff would be able to perform light work, but could not climb ladders, ropes and scaffolds. (Doc. 10, p. 45). The ALJ gave little weight to Dr. Thomas' opinion, because he stated it did not give adequate consideration to Plaintiff's credible complaints of pain, and did not give sufficient consideration to Plaintiff's clavicle and asthma problems. (Doc. 10, p. 46).

The ALJ also discussed the opinion of Dr. Joseph Ricciardi, who examined Plaintiff on February 28, 2013. (Doc. 10, p. 46). Dr. Ricciardi found Plaintiff had a 42 percent impairment rating to the body as a whole, and opined that if Plaintiff did return to work, it would be expected that she would need to work at a sedentary job, and "[t]here should be opportunities for frequent change of body positioning. There should be no lifting, pulling, pushing unless using a 4 wheeled cart. The claimant should not be expected to climb more than one flight of stairs per shift in each direction." (Doc. 10, p. 567). The ALJ's RFC included the sedentary work restriction, but failed to include the need for frequent change of body positioning, as well as the need for the use of a 4 wheeled cart. The ALJ  found

Plaintiff's statements regarding changing positions to be inconsistent, thereby lessening the weight to be given the subjective complaints.

The Court finds that the record is replete with references to Plaintiff's need to change positions frequently, with statements not only by the field office director in the Disability Report – Field Office ("Claimant was slow to stand and walk. She walked with a cane. She shifted several times in her chair during the interview.")(Doc. 10, p. 171), but also in the Disability Report–Appeal–dated July 30, 2012 ("Claimant has to change positions throughout the day")(Doc. 10, p. 192), and Dr. Ricciardi's opinion that there should be opportunities for frequent change of body positioning. (Doc. 10, p. 567). The ALJ's RFC did not include any requirements regarding Plaintiff's need to be able to change positions, and the Court believes the evidence in the record requires that addition.

Accordingly, the Court hereby remands this matter to the ALJ for him to include in his RFC and in his hypothetical to the VE the need for Plaintiff to be able to change positions in the sedentary jobs, and then consider whether Plaintiff would be able to perform any of her past relevant work, or whether there are other jobs Plaintiff would be able to perform.

**IV.    Conclusion**:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, reverses and remands this matter to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 13th day of December, 2016.

/s/ *Erin L. Steer*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

5